IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| RAMONDRIA JALONE JOHNSON, JR., | |
| Plaintiff, | CIVIL ACTION NO.: 2:22-cv-89 |
| v. | |
| SHERIFF NEAL JUMP, et al., in their individual and official capacities, | |
| Defendants. | |

**O R D E R**

Presently before the Court is Plaintiff's Motion to Appoint Counsel. Doc. 4. In this civil case, Plaintiff has no constitutional right to the appointment of counsel. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." Id. (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987); Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)). The Eleventh Circuit Court of Appeals has explained "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will

not need such help." <u>McDaniels v. Lee</u>, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting <u>Kilgo v. Ricks</u>, 983 F.2d 189, 193 (11th Cir. 1993)).

The Court has reviewed the record and pleadings in this case and finds no "exceptional circumstances" warranting the appointment of counsel. "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances." <u>Hampton v. Peeples</u>, No. CV 614-104, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015) (citing <u>Smith v. Warden, Hardee Corr. Inst.</u>, 597 F. App'x 1027, 1030 (11th Cir. 2015)); <u>Wright</u>, 562 F. App'x at 777; <u>Faulkner v. Monroe Cnty. Sheriff's Dep't</u>, 523 F. App'x 696, 702 (11th Cir. 2013); <u>McDaniels</u>, 405 F. App'x at 457; <u>Sims v. Nguyen</u>, 403 F. App'x 410, 414 (11th Cir. 2010); <u>Fowler</u>, 899 F.2d at 1091, 1096; <u>Wahl</u>, 773 F.2d at 1174).

This case is not so complex legally or factually to prevent Plaintiff from presenting "the essential merits of his position" to the Court. While the Court is sympathetic to Plaintiff and his concerns about his ability to pursue this action, he has not shown entitlement to the appointment of counsel or his concerns affect his ability to litigate this case. If the Court orders service of Plaintiff's Complaint, it will provide instruction on how to address discovery and other matters in this case. For these reasons, the Court **DENIES** Plaintiff's Motion to Appoint Counsel.

**SO ORDERED**, this 26th day of September, 2022.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA