IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| RAMONDRIA JALONE JOHNSON, JR., <br><br> Plaintiff, <br><br> v. <br><br> SHERIFF NEAL JUMP, et al., <br><br> Defendants. | CIVIL ACTION NO.: 2:22-cv-89 |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

1. Plaintiff's claims against Defendants Jump, Young, Ferra, Juran, Johnson, Dr. of Facility, and Gritt;

2. Plaintiff's claims under the Fourth, Ninth, and Thirteenth Amendments; and

3. Plaintiff's claims for deliberate indifference to a serious medical need.

However, I **FIND** that some of Plaintiff's claims may proceed.  Specifically, the Court will direct service, by separate Order, of Plaintiff's failure-to-protect claims against Defendants Horns, Bonds, and Nurse M.  Also, I **DENY** Plaintiff's Petition to Place this Case on the Court Docket.  Doc. 17.

## PLAINTIFF'S CLAIMS[1]

Plaintiff, a pretrial detainee proceeding pro se, brings a 42 U.S.C. § 1983 suit against 10 Defendants, all of whom are officials at the Glynn County Detention Center. Plaintiff's claims arise from an attack by another prisoner on June 4, 2022. That evening, Defendants Officer Bonds and Nurse M. opened Plaintiff's cell door "to survey a complaint [Plaintiff] made about throat and chest problems not being able to eat anything." Doc. 1 at 22. At the same time, Defendant Officer Horns left open the cell of another inmate in the same pod, Malcolm Davis. Id. at 13–15, 22. Defendant Horns was aware of an altercation between Plaintiff and Davis earlier in the day. Id. at 22. While Defendant Nurse M. was examining Plaintiff, the other inmate, Malcolm Davis, rushed into Plaintiff's cell. Id. Davis knocked over Defendants Bonds and Horns and punched Plaintiff in the face. Id. Davis continued the assault on Plaintiff, hitting Plaintiff's head against the wall and violently pushing him against the sink, causing Plaintiff to "black in and out." Id. Defendants Bonds and Horns "scream[ed] in panic," and other officers arrived to pull Davis off Plaintiff. Id.

After this incident ended, Defendant Horns admitted to Plaintiff he was responsible for the assault because he left both Plaintiff's and Davis's cell doors open at the same time, against protocol. Id. at 13–14, 22. Defendant Horns apologized to Plaintiff and tried to bribe Plaintiff not to report the incident. Id. Later, Plaintiff spoke to Defendant Johnson, a correctional lieutenant on duty as supervisor, who told Plaintiff, "This whole thing was an accident." Id. at 12, 25.

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

A jail official escorted Plaintiff to medical about three hours after the incident. Id. at 22. A nurse[2] examined Plaintiff and offered him Tylenol. Id. at 23. The nurse on duty called Defendant Dr. of Facility and explained Plaintiff's injuries. Id. at 17. The nurse requested approval to send Plaintiff to "emergency out of facility," but Defendant Dr. of Facility "ignored" the request and "ordered a 30-minute to 1-hour medical watch from pod officers" back in Plaintiff's dorm. Id. The nurse sent Plaintiff back to his dorm, but no one ever conducted any checks. Id. at 23.

The next morning, on June 5, 2022, Plaintiff complained about his head and back, so he was escorted back to medical where he was prescribed medication and told he had a mild concussion. Id. at 23. No one gave Plaintiff any further information about medical treatment until June 9, 2022, when he was taken to the hospital and given a CAT scan. Id. at 23–24. Plaintiff asked a doctor at the hospital about having his back examined, but the doctor told him no back examination was ordered. Id. at 24. Plaintiff was sent back to jail. Id. A doctor[3] examined Plaintiff's back at the jail on June 16, 2022. Id. She noticed a knot in Plaintiff's back and prescribed him muscle relaxers and pain medicine. Id. at 18, 24, 28. The doctor promised Plaintiff would remain on muscle relaxers for the duration of his detention, but Plaintiff stopped receiving them after 30 days. Id. Plaintiff has complained about his back and requested treatment outside the jail, but he has been ignored. Id. at 28.

Plaintiff met with Defendant Gritt, an internal affairs deputy, on June 20, 2022. Id. at 24. Defendant Gritt said she investigated the June 4th attack on Plaintiff and, as a result, Davis was charged with assault and Defendant Horns was fired. Id. 24–25. Plaintiff informed Defendant

---

[2]   This does not appear to be the same person as Defendant Nurse M.

[3]   This does not appear to be the same person as Defendant Dr. of Facility.

Gritt he was unhappy about the investigation being conducted without his involvement. Id. at 25. Plaintiff also expressed dissatisfaction because no one other than Defendant Horns and Davis suffered any consequences. Id. Defendant Gritt responded, "[N]ot showing concern for an inmate in a federal holding facility also protective custody I might add is not against the law." Id. at 26.

Plaintiff asserts various claims against Defendants under the Fourth, Eighth, Ninth, Thirteenth, and Fourteenth Amendments. Id. at 6–8, 10–20. Plaintiff seeks declaratory relief, unspecified injunctive relief, and monetary damages. Id. at 28–29.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to

4

relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

I.   **Supervisory Claims**

Plaintiff makes supervisory claims against Defendants Jump, Juran, Johnson, Young, Ferra, and Dr. of Facility and makes only supervisory claims against Defendants Jump and Juran. Plaintiff states Defendant Jump is "legally responsible for the overall operation of the Glynn County Detention Center" and Defendant Juran is "legally responsible for all the inmates in this institution." Doc. 1 at 3. Plaintiff makes similar claims against Defendants Johnson, Young, Ferra, and Dr. of Facility. Id. at 3, 10–11, 16.

The Eleventh Circuit Court of Appeals has held a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Plaintiff fails to explain how Defendants Jump and Juran were involved in any violations of his constitutional rights.

To the extent Plaintiff seeks to hold Defendants Jump, Juran, Johnson, Young, Ferra, or Dr. of Facility liable for the acts of their subordinates without alleging any personal involvement, his claim also fails. To hold a supervisory official or an employer liable, Plaintiff must demonstrate either (1) the supervisor actually participated in the alleged constitutional violation,

5

or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation. Id. (internal quotation marks and citation omitted) (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). As noted above, Plaintiff has not alleged Defendants Jump or Juran participated in the events forming the basis of any of Plaintiff's claims. Moreover, Plaintiff has not proffered any reason to support the conclusion Defendants Jump or Juran violated any of Plaintiff's constitutional rights.

Similarly, Plaintiff fails to allege a "causal connection" between Defendants Jump, Juran, Johnson, Young, Ferra, or Dr. of Facility and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper custom or policy . . . result[s] in deliberate indifference to constitutional rights." Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by* Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). Plaintiff has not made the necessary showing. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's supervisory claims against Defendants Jump, Juran, Johnson, Young, Ferra, and Dr. of Facility. Plaintiff asserts no other claims against Defendants Jump and Juran, so I **RECOMMEND** the Court **DISMISS** them as Defendants.

## II.  Interference With Plaintiff's Grievances

Plaintiff alleges Defendants Young, Ferra, and Gritt responded inappropriately to his grievances.  Specifically, Plaintiff alleges Defendant Young "was duly notified about this complaint per grievance procedure and has shown his further negligence or a direct response or an official remedy . . . ."  Doc. 1 at 10.  Plaintiff makes the same allegations against Defendant Ferra, adding, "[A]s I made use to attempt to exhaust all of my grievance concerns, each was intercepted by Mr. Ferra with his biased remarks as to insinuate my approach . . . was an attempt to extort the facility[.]"  Id. at 11.  Plaintiff also alleges Defendant Gritt's investigation violated his rights.  Id. at 19–20, 24–26.

Defendants' responses to Plaintiff's grievances do not form a basis for any plausible claims.  There is no constitutionally protected liberty interest in a grievance process, including the investigation of grievances.  The Eleventh Circuit has joined other Circuits in holding "a prisoner does not have a constitutionally protected liberty interest in an inmate grievance procedure."  Dunn v. Martin, 178 F. App'x 876, 878 (11th Cir. 2006); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate.").  "Simply put, a prison official's failure to timely process a grievance form, investigate it, or otherwise respond to a grievance is not actionable under § 1983."  Wromas v. Cruz, Case No. 2:17-cv-155, 2018 WL 2318038, at *2 (M.D. Fla. May 22, 2018).  Other than the grievance-related claims, Plaintiff makes no factual allegations against Defendants Young, Ferra, and Gritt.  Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Young, Ferra, and Gritt.  Since Plaintiff's allegations against Defendants Young, Ferra, and Gritt are limited to

7

impermissible supervisory claims, discussed above, and grievance claims, I **RECOMMEND** the Court **DISMISS** them as Defendants.

### III.  Deliberate Indifference to a Serious Medical Need

Plaintiff describes several episodes where medical treatment was delayed or denied. Plaintiff states "no one . . . showed concern for my medical needs" for three hours after Davis attacked him, although Plaintiff had "limited wind supply, shortness of breath, lack of consciousness, head, neck, and back injury," among other injuries.  Doc. 1 at 27.  After this three-hour delay, a nurse[4] examined Plaintiff and called Defendant Dr. of Facility, who denied the nurse's request to send Plaintiff to the emergency room.  Instead, Defendant Dr. of Facility ordered a medical watch, but no one conducted any medical watch.  Id. at 17.  Plaintiff describes a visit to medical the next day and two visits to the hospital over the following weeks, stating he received inadequate treatment or attention each time.  Id. at 17–19.

As a pre-trial detainee at the Glynn County Detention Center, Plaintiff's deliberate indifference claim is evaluated under the Fourteenth Amendment.  However, the Eleventh Circuit has "historically treated convicted prisoners' Eighth Amendment claims and pretrial detainees' Fourteenth Amendment claims identically."  White v. Cochran, No. 16-17490, 2017 WL 6492004, at * 2 (11th Cir. Nov. 27, 2017).[5]  Thus, a deliberate indifference to medical needs

---

[4]  Again, this does not appear to be the same person as Defendant Nurse M.

[5]  In Kingsley v. Hendrickson, the United States Supreme Court found the "language of the [Eighth Amendment's Cruel and Unusual Punishment Clause and the Fourteenth Amendment's Due Process Clause] differs, and the nature of the claims often differs."  576 U.S. 389, 400 (2015) (adopting a different test to evaluate pre-trial detainee's excessive force claims than the test used to evaluate convicted prisoners' excessive force claims).  However, the Eleventh Circuit has determined "Kingsley is not squarely on point with and does not actually abrogate or directly conflict with precedent outside of the context of an excessive[ ]force claim."  White v. Cochran, No. 16-17490, 2017 WL 6492004, at *2 n.1 (11th Cir. Nov. 27, 2017) (citing Dang ex rel. Dang v. Sheriff, Seminole Cnty., 871 F.3d 1272, 1279 n.2 (11th Cir. 2017) (internal citation and punctuation omitted)).

claim under the Fourteenth Amendment mirrors analysis under the Eighth Amendment's proscription against cruel and unusual punishment.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).

The standard for cruel and unusual punishment in the medical care context, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate.  Farmer, 511 U.S. at 828.  However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment."  Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105).  Rather, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle, 429 U.S. at 106.  In order to prevail on a deliberate indifference claim under the Eighth Amendment, a prisoner must show three elements: (1) an objectively serious medical need; (2) a defendant's subjective, deliberate indifference to that need; and (3) an injury caused by the defendant's indifference.  Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007).

"Mere negligence in diagnosing or treating a medical condition is an insufficient basis for grounding liability on a claim of medical mistreatment under the Eighth Amendment."  Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995).  "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at 106.  Additionally, "it is well established that a difference in opinion or a disagreement between an inmate and prison officials as to what medical care is appropriate for his particular condition does not state a claim for deliberate indifference to medical needs."  John v. Cochran, Civil Action No. 13-0001, 2013 WL 5755189, at *9 (S.D. Ala. Oct. 22, 2013).  "The question of whether governmental actors should have employed additional diagnostic techniques or forms of

9

treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." Owen v. Corizon Health Inc., 703 F. App'x 844, 849 (11th Cir. 2017) (internal citations omitted) (citing Adams, 61 F.3d at 1545). "However, "medical treatment so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness" constitutes deliberate indifference." Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989) (internal quotations omitted).

Plaintiff fails to identify any individual who is directly responsible for the three-hour delay in treatment after Davis attacked him. Plaintiff's remaining deliberate indifference claims, as pleaded, are medical malpractice claims or simply disagreements with Defendants over Plaintiff's treatment; the conduct alleged does not give rise to a claim of deliberate indifference under the Fourteenth Amendment. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims for deliberate indifference against Defendants. Since Plaintiff's allegations against Defendant Dr. of Facility are limited to impermissible supervisory claims, discussed above, and deliberate indifference claims, I **RECOMMEND** the Court **DISMISS** Defendants Dr. of Facility as a Defendant.

IV. **Plaintiff's Failure to State a Claim Under the Fourth, Ninth, and Thirteenth Amendments**

Plaintiff claims violations of his rights under the Fourth, Ninth, and Thirteenth Amendments rights. All of these claims fail.

Plaintiff claims his due process rights under the Fourth Amendment were violated because he was not protected from "inhumane conditions, cruel and unusual punishment, [and] due total and full protection of people of where bodily harm is inflicted[.]" Doc. 1 at 36. However, the rights Plaintiff describes are not found in the Fourth Amendment. The Fourth

Amendment protects "against unreasonable searches and seizures." Plaintiff does not describe any searches or seizures in his Complaint. The due process clause is found in the Fifth and Fourteenth Amendments. Protections from cruel and unusual punishment, including protections from other prisoners, are found in the Eighth Amendment. Thus, Plaintiff fails state a claim under the Fourth Amendment.

Plaintiff claims his Ninth Amendment rights were violated. Doc. 1 at 7, 11–20. "However, it is well-established that 'the Ninth Amendment is not an independent source of constitutional rights and thus cannot provide the basis for a § 1983 claim.'" Armstrong v. City of Boaz, No. 4:16-CV-1065, 2017 WL 3129376, at *12 (N.D. Ala. July 24, 2017) (quoting Ayton v. Owens, No. CV 313-006, 2013 WL 4077995, at *5 n.5 (S.D. Ga. Aug. 12, 2013)). Since the Ninth Amendment cannot be basis of a § 1983 claim, his Ninth Amendment claims fail.

Plaintiff also claims Defendants violated his rights under the Thirteenth Amendment. Doc. 36 at 8, 11–20. The Thirteenth Amendment, Section 1, provides, "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." "In this context, 'the term "involuntary servitude" necessarily means a condition of servitude in which the victim is forced to work for the defendant by the use or threat of physical restraint or physical injury, or by the use or threat of coercion through law or legal process.'" Prawl v. City of Clearwater, No. 8:18-CV-431, 2018 WL 11229894, at *4 (M.D. Fla. June 19, 2018) (quoting United States v. Kozminski, 487 U.S. 931, 952 (1988)). Plaintiff fails to allege he was subject to slavery or he was forced to work for any Defendant through the use or threat of physical restraint, physical injury, or coercion through law or legal process. Accordingly, I

11

**RECOMMEND** the Court **DISMISS** Plaintiff's claims under the Fourth, Ninth, and Fourteenth Amendments.

## V.    Plaintiff's Motion to Place This Case on the Court Docket

Plaintiff filed a Motion requesting the Court "place this case on the Court docket to be brought forth as case stands pending without results." Doc. 17 at 1. However, the Clerk of Court docketed Plaintiff's case six months ago. The Court addresses Plaintiff's filings in the ordinary course. According, I **DENY** Plaintiff's Motion to Place This Case on the Court Docket.

## VI.   Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.

12

2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

1. Plaintiff's claims against Defendants Jump, Young, Ferra, Juran, Johnson, Dr. of Facility, and Gritt;

2. Plaintiff's claims under the Fourth, Ninth, and Thirteenth Amendments; and

3. Plaintiff's claims for deliberate indifference to a serious medical need.

However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service, by separate Order, of Plaintiff's failure-to-protect claims against Defendants Horns, Bonds, and Nurse M. Also, I **DENY** Plaintiff's Petition to Place this Case on the Court Docket. Doc. 17.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection the Magistrate Judge failed to address a contention raised in the Amended Complaint or an argument raised in a filing must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal

conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 28th day of June, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA