# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| RAMONDRIA JALONE JOHNSON, JR., | |
| Plaintiff, | 2:22-cv-89 |
| v. | |
| OFFICER JACOB HORNE, OFFICER NEAH BONDS, and CAMILLE MONTANEZ, | |
| Defendants. | |

### ORDER

The Magistrate Judge issued a Report, recommending the Court grant Defendants' Motions to Dismiss and dismiss all pending claims based on Plaintiff's failure to exhaust his administrative remedies. Dkt. No. 46. Plaintiff objects to that recommendation. Dkt. No. 47. For the following reasons, I **OVERRULE** Plaintiff's Objections.

Defendants Bonds and Montanez filed a Motion to Dismiss, arguing Plaintiff failed to timely appeal grievances he filed. Defendants Bonds and Montanez also argued Plaintiff failed to name specific officers in his grievances and failed to file individual grievances against each officer, as the applicable grievance procedure requires. Dkt. No. 30-1 at 14-16. Defendant Horne filed a Motion to Dismiss joining this argument. Dkt. No. 33 at 6-7.

Plaintiff filed a Response to Defendants' Motions to Dismiss, but he did not dispute the fact he failed to timely appeal his grievances. He also did not dispute the fact his grievances did not conform with the grievance procedure. Dkt. No. 35.

The Magistrate Judge issued a Report and Recommendation on Defendants' Motions to Dismiss. Dkt. No. 46. In the Report, the Magistrate Judge determined Plaintiff failed to timely appeal his grievances related to the claims in his Complaint. The Magistrate Judge also found Plaintiff failed to conform his grievances with the applicable grievance procedure. The Magistrate Judge thus recommended the dismissal of all Defendants.

In his Objections, Plaintiff largely restates the same arguments he made against dismissal in his Response. Plaintiff argues he did everything required to notify Defendants he would sue. Dkt. No. 47 at 3. Plaintiff argues Defendants "purposely left out or deleted evidence" from the exhibits Defendants submitted in support of dismissal. Id. at 4. Plaintiff makes a new argument, that the exhaustion requirement of the Prison Litigation Reform Act ("PLRA") violates the International Covenant on Civil and Political Rights ("ICCPR"), the United Nations Convention Against Torture, and the International Convention on the Elimination of All Forms of Racial Discrimination. Id. at 5-6.

2

Plaintiff's restated arguments about his efforts to exhaust and "missing" evidence lack merit. As the Magistrate Judge explained, Plaintiff failed to allege if or when he filed any particular appeal or grievance that would change the exhaustion determination. The Magistrate Judge reviewed the many grievances Plaintiff filed, including one grievance Plaintiff filed on the night he claims Defendants injured him. After considering all of these materials, the Magistrate Judge determined Plaintiff had not shown he exhausted his administrative remedies. Plaintiff provides no new information in his Objections to support a different conclusion.

Plaintiff's new argument about international treaties also lacks merit. The Court need not consider this argument because Plaintiff failed to present it in his briefing to the Magistrate Judge. See Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (approving district court's refusal to consider new argument set forth in objections where party had the opportunity to present such argument to magistrate judge and failed to do so). Even if the Court did consider this new argument, it would not require a different outcome. International agreements, including those benefitting private persons, do not generally create private rights enforceable in federal court. See Gandara v. Bennett, 528 F.3d 823, 829 (11th Cir. 2008); see also Hurtado v. U.S. Att'y Gen., 401 F. App'x 453, 456 (11th Cir. 2010)("[T]he ICCPR does not

3

create judicially enforceable individual rights . . . ."). Additionally, Plaintiff's contention the exhaustion requirement in the PLRA violates the ICCPR is not supported by any controlling authority.

After an independent and de novo review of the entire record, I **CONCUR** with the Magistrate Judge's Report and Recommendation, **ADOPT** the Report and Recommendation as the opinion of the Court, and **OVERRULE** Plaintiff's Objections.  I **GRANT** Defendants' Motions to Dismiss, **DISMISSS without prejudice** Plaintiff's Complaint based on his failure to exhaust his administrative remedies, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff *in forma pauperis* status on appeal.

**SO ORDERED**, this 21 day of August, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA